876 F.2d 103
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas BEAUDOIN, Plaintiff-Appellant,
v.
CITY OF DEARBORN HEIGHTS; Greg Gondek; Timothy Adams,
Defendants-Appellees.
 No. 88-1388.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Thomas Beaudoin was shot while fleeing from two Dearborn Heights police officers. Beaudoin brought an action against the officers under 42 U.S.C. Sec. 1983. The district court ruled that the officers were protected from suit by the doctrine of qualified immunity. We affirm.
 
 I.
 
 2
 On the night of June 6, 1986, Beaudoin consumed two to three quarts of beer and two or three shots of schnapps after playing softball. While driving home, he stopped to urinate in an alley behind a drug store. Defendants Greg Gondek and Timothy Adams, both police officers, observed Beaudoin in the alley. Gondek saw Beaudoin take a softball bat from his truck and smash the rear windows of the drug store. Adams did not actually see Beaudoin swing the bat because his view was obstructed, but he heard the glass shattering. After smashing the glass, Beaudoin began running back to his truck. He made no effort to enter the store.[1]
 
 
 3
 Officer Gondek emerged from hiding and shouted "halt, police" as Beaudoin jumped into the cab and started the engine. Beaudoin did not respond; he claims that he did not hear the officer. Officer Gondek testified that he then stepped in front of Beaudoin's truck, drew his gun, and illuminated the cab with his flashlight. Beaudoin drove straight towards Gondek, and when Gondek attempted to move aside the truck appeared to follow him. When the truck came within 10-15 feet, Gondek fired once through the windshield. Gondek lunged aside, and the truck narrowly missed him. Officer Adams, believing that the vehicle had struck Gondek, fired six shots at the truck as it drove away. Beaudoin was wounded in the leg and hand.
 
 
 4
 Beaudoin did not deny driving at Officer Gondek. Rather, he testified that he had not seen anyone in front of the truck; he knew only that his windshield mysteriously had shattered. He then perceived that someone was firing at him, but he claims that he was unaware that the shots were fired by police officers.
 
 II.
 
 5
 Beaudoin filed claims under 42 U.S.C. Sec. 1983 and Michigan common law against Gondek, Adams, and the City of Dearborn Heights. The district court dismissed the state law claims and granted summary judgment for the city on the 1983 claims. Beaudoin does not appeal from these decisions. The district court also granted summary judgment in favor of defendants Gondek and Adams because plaintiff had failed to respond. Beaudoin moved for relief from judgment pursuant to Fed.R.Civ.P. 60(b), arguing that he had discovered evidence which demonstrated the existence of genuine issues of material fact. The district court ordered Beaudoin to produce evidence in support of its motion. After a review of the evidence, the court denied the rule 60(b) motion, and Beaudoin brought this appeal.
 
 III.
 
 6
 The district court held that Gondek and Adams were entitled to qualified immunity from suit under section 1983 because they did not violate Beaudoin's clearly established constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982). While the fourth amendment right to freedom from unreasonable search and seizure constrains the use of deadly force by police officers, it does not prohibit it. Deadly force may constitutionally be used to apprehend a fleeing suspect "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." Tennessee v. Garner, 471 U.S. 1, 11 (1985). For example, "if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given." 471 U.S. at 11-12.
 
 
 7
 We agree with the district court that under this standard no genuine fact issues exist in this case. Officer Gondek fired his gun because he reasonably felt threatened by a deadly instrumentality--Beaudoin's truck. Beaudoin's testimony does not create a fact issue as to whether Gondek had probable cause to believe that his life was in danger. Beaudoin did not state that Gondek was not in the path of his truck, but only that he was unaware that anyone was in the vicinity until his windshield shattered.[2] Officer Adams, seeing his partner fly through the air as Beaudoin's truck lurched ahead, clearly had probable cause to believe that a crime involving at least the threatened infliction of serious bodily harm had occurred. Therefore, the officers' use of deadly force to prevent Beaudoin's escape was constitutionally permissible. Garner, 471 U.S. at 11-12.
 
 
 8
 Accordingly, the judgment is AFFIRMED.
 
 
 
 [1]
 Beaudoin subsequently was tried on a charge of attempted breaking and entering; he was acquitted
 
 
 [2]
 Whether Beaudoin saw Gondek or intended to run him down is, of course, irrelevant to the issue of qualified immunity. What matters is whether Gondek had probable cause to believe that Beaudoin was attempting to hit him with the vehicle